PER CURIAM.
By petition for writ of habeas corpus filed in the Supreme Court, Charles Lockwood alleged that on September 13, 1973, he filed a writ for fast and speedy trial pursuant to F.R.Cr.P. 3.190, 33 F.S.A., of which he was denied. The Supreme Court entered a rule nisi directing respondent to make return to the Clerk of this Court showing the lawful cause and authority for the detention of petitioner. Upon reviewing respondent’s return we concluded that it was insufficient as a matter of law and directed the Chief Judge of the Second Judicial Circuit or any of the judges designated by him to serve as a commissioner to take testimony and resolve the factual allegations presented by the petitioner and the return filed by respondent. We now have before us the commissioner’s report.
After reviewing the allegations of petitioner and the extensive record of the proceedings had in the trial court, the Honorable Kenneth E. Cooksey, Circuit Judge and commissioner appointed by the Chief Judge, made the following findings and conclusions:
“(1) That the Petitioner, Charles Lockwood, Jr., did not file any written demand for a fast and speedy trial on September 18, 1973, as contemplated by Rule 3.191(a)(2) FCrP, nor was any such demand filed with the State Attorney or the Clerk.
“(2) That, in fact, the Petitioner had competent Counsel who was bargaining for Petitioner; that pursuant to such ‘plea bargaining’, a bargain was reached with which the Petitioner was completely happy as evidenced by the fact that he did plead according thereto, received the bargained for sentences, and by virtue thereof, is now precluded from asserting a denial of speedy trial. See Graulich v. State, 287 So.2d 114 (3rd DCA 1973).
“(3) That Petitioner did, in fact, prepare a written Demand for Fast and Speedy trial, but due to the plea bargaining, did not file the same, or serve any copies; now that he is unhappy with the severity of the sentence passed upon him by Judge Joanos, he wishes to attempt to come through the ‘back door’ so to speak, by alleging he made written demand for speedy trial. This he did not do. The Petitioner tried to pursue two *623 avenues at the same time, one with the aid of a very effective Defense Attorney and the other on his own. Being dissatisfied with the outcome, he now seeks to choose the other avenue. This, he should not be permitted to do.”
The foregoing findings and conclusions reached by the commissioner are amply supported by the record in this cause. Therefore, the rule nisi heretofore issued by the Supreme Court of Florida be and the same is hereby discharged, and the petition for writ of habeas corpus is denied.
RAWLS, C. J., and SPECTOR and JOHNSON, JJ., concur.